IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARA D. TYREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:09-1091 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Brown |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Tara Tyree's ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 9) with supporting Memorandum (Doc. No. 14). Defendant filed a response (Doc. No. 15). Magistrate Judge Brown issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of Social Security Administration be affirmed (Doc. No. 17). Plaintiff filed Objections to the Report (Doc. No. 18). Upon review of the Magistrate Judge's Report and the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

I.  **BACKGROUND**

A.  **Procedural Background**

Plaintiff filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on June 20, 2006, alleging a disability onset date of June 1, 2006. (Tr. 111-14.) Plaintiff alleges that she is disabled due to back and leg problems. (Tr. 116.) Plaintiff's application was denied initially and also upon reconsideration. (Tr. 56-59, 63-66.)

-1-

Plaintiff filed a request for hearing by an Administrative Law Judge ("ALJ") on February 21, 2007. (Tr. 67.) The hearing was conducted before ALJ Barbara Kimmelman on September 10, 2008. (Tr. 77.) A vocational expert ("VE"), Gail Ditmore, testified at the hearing. (Tr. 26-32.) The ALJ denied Plaintiff's claim on December 30, 2008. (Tr. 43-50.)

In her decision, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 3, 2011.

2. The claimant has not engaged in substantial gainful activity since June 1, 2006, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease; migraine headaches (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 41.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk 2 hours and sit 6 hours in an 8 hour workday, only occasionally reach above the shoulder, and must have the option to change positions every 30 minutes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 29, 1973, and was 32 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 45-50.)

On December 30, 2008, Plaintiff sought review of the ALJ's decision from the Appeals Council. (Tr. 35-37.) On September 22, 2009, the Appeals Council denied Plaintiff's request for review, rendering that decision the final decision of the Commissioner. (Tr. 35-37.)

On November 12, 2009, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1.) The Court has jurisdiction under 42 U.S.C. § 405(g). On April 20, 2010, Magistrate Judge Brown recommended the ALJ's decision be affirmed and Plaintiff's Motion be denied. (Doc. No. 17.) Plaintiff asserts two (2) objections to the magistrate judge's findings. (Doc. No. 18.) Specifically, Plaintiff contends that:

1. The Residual Functional Capacity ("RFC") conclusion reached by the ALJ is not supported by the weight of the evidence.

2. The credibility of claimant's statements was not properly evaluated and assessed as required by S.S.R. 96-7p.

(*Id.*)

The Court discusses the merits of Plaintiff's objections below.

### B. Factual Background

The Court adopts the facts as stated in the Review of the Record in Magistrate Judge Brown's Report. (Doc. No. 17, at 3-12.)

## II. STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2010). However, this review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2010). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." *Richardson v. Pereles*, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

A finding of substantial evidence holds significant weight on appeal. "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389 (6th Cir. 1999); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to

a different factual conclusion as to the Plaintiff's claim on the merits than that of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

**A. Plaintiff objects that the ALJ's Residual Functional Capacity conclusion is not supported by the weight of the evidence.**

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence for two reasons: (1) the ALJ erred by placing great weight on the assessments made by the two non-examining state agency physicians (Doc. No. 18, at 9); and (2) the ALJ erred by failing to consider what effect the required use of traction, three times daily, has upon Plaintiff's ability to obtain a job. (*Id.*, at 11.) The Court will address each argument in turn.

> *1. Plaintiff objects to the ALJ's reliance on assessments made by non-examining state agency physicians.*

Plaintiff objects to the ALJ's decision to place great weight on the assessments made by Dr. Millis and Dr. Fletcher, the two non-examining state agency physicians. In support of this assertion, Plaintiff first objects to the prospective nature of the assessments made by Dr. Millis and Dr. Fletcher. (*Id.*, at 9-10.) Plaintiff also objects to the use of the assessments because they were not based on Plaintiff's entire medical record. (*Id.*, at 10.)

> a. <u>Plaintiff objects to the ALJ's reliance on assessments made by non-examining state agency physicians because the assessments were prospective in nature.</u>

-5-

Plaintiff contends that Plaintiff never achieved the RFC predicted by either Dr. Millis or Dr. Fletcher and that thus both assessments ought to be discounted. (Doc. No. 18, at 9-10.) Plaintiff argues that rather than achieving the predicted RFCs during that time, her health conditions instead deteriorated. (*Id.*, at 9.)

The ALJ did not err in considering the prospective RFCs made by Dr. Millis and Dr. Fletcher. Plaintiff has the burden to prove her alleged RFC to the ALJ. 20 C.F.R. § 404.1545(a)(3); *Her*, 203 F.3d at 391. Here, although Plaintiff claims that she did not achieve the predicted RFC, the ALJ must ultimately determine whether her allegations are true. Although the RFCs of Dr. Millis and Dr. Fletcher were both prospective, they were the only ones on record. Due to Plaintiff's failure to provide a more recent RFC, the ALJ had no other option but to rely, at least in part, on the RFC assessments by Dr. Millis and Dr. Fletcher. It is not the court's duty to arrange for more updated RFCs when Plaintiff fails to provide her own. *See Her*, 203 F.3d at 391. The ALJ did not err by relying on the only RFCs on record in order to make her decision.

> b. <u>Plaintiff objects to the ALJ's use of the assessments made by non-examining state agency physicians because these assessments were not based on Plaintiff's entire medical record.</u>

Dr. Millis performed an RFC analysis on November 11, 2006, and Dr. Fletcher performed an RFC analysis on February 4, 2007. (Tr. 211-12, 240-41.) After Plaintiff obtained her RFC analyses, but before she appeared at the administrative hearing, Plaintiff met with Dr.'s Schooley and Leone for pain management. (Tr. 248-99, 301-16.) Since both RFCs were completed prior to Plaintiff's last medical treatment, neither RFC is based on Plaintiff's entire medical record. (Tr. 77; Doc. No. 18, at 10-11.) Plaintiff accordingly argues that since both

reports are based on incomplete data, it was error for the ALJ to afford great weight to these reports. (Doc. No. 18, at 10-11.)

As mentioned earlier, Plaintiff bears the burden of proving her alleged RFC, 20 C.F.R. § 404.1545(a)(3); *Her*, 203 F.3d at 391, and an ALJ may place great weight on an RFC made by a non-examining state agency physician if it is consistent with the medical record, *King v. Astrue*, No. 6:09-162-JMH, 2010 U.S. Dist. LEXIS 29459, at *811; *see also* 20 C.F.R § 404.1527(d)(4). The state agency physician often makes an RFC assessment at the initial application for disability benefits. Since the administrative hearing occurs later, the administrative record often includes subsequent/additional medical evidence from the period of time between the initial disability application and the administrative hearing. Thus when an RFC made by the state agency physician is made prior to the hearing, the ALJ may rely on that RFC if it is supported by the rest of the claimant's record, including information from the interim period. *King v. Astrue*, 2010 U.S. Dist. LEXIS 295459, at *811; *see also* 20 C.F.R. § 404.1527(d)(4).

In this case, at the administrative hearing, Plaintiff did not obtain an updated RFC from one of her treating physicians. (Tr. 22-23, 48.) Thus the RFCs of Dr. Millis and Dr. Fletcher were the only and most recent ones on record. (*Id.*) Although the ALJ did afford great weight to the RFCs of Dr. Millis and Dr. Fletcher, the ALJ did not even adopt the physicians' RFCs. (*See* Tr. 48.) Rather, the ALJ reduced the final RFC conclusion to Plaintiff's benefit based on more recent treatment notes provided by Dr. Schooley and Dr. Leone, as well as Plaintiff's testimony. (*Id.*)

On November 11, 2006, Dr. Millis found that by August of 2007, Plaintiff would have an RFC with the following exertional limitations: occasionally lift or carry fifty pounds, frequently lift or carry twenty-five pounds, stand or walk with normal breaks for a total of about six hours

-7-

in an eight-hour work day, sit with normal breaks for a total of about six hours in an eight-hour workday, with no limitations on pushing or pulling. (Tr. 211-12.) On February 4, 2007, Dr. Fletcher found that Plaintiff would have the same limitations, but not until August 21, 2007. (Tr. 240-41.) These assessments were consistent with other evidence in Plaintiff's medical record. Dr. Schooley, who treated Plaintiff for neck and arm pain in 2007 after her last RFC, recommended further back surgery, which Plaintiff declined. (Tr. 306.) Based on an MRI undergone by Plaintiff, Dr. Schooley also noted that Plaintiff's degenerative disc disease was "not very severe at all." (Tr. 303.) Dr. Leone, who has treated Plaintiff since January 2008 for pain management, reported on August 4, 2008, that Plaintiff did not experience side effects from her medication and that with the pain medication, Plaintiff could perform household chores. (Tr. 251.) Plaintiff also testified that she tries not to take some of her pain medication during the day, in order to be able to help her children with homework at night. (Tr. 18.) Additionally, although Plaintiff testified that her headaches were not relieved by medication, Plaintiff had also reported experiencing these headaches since 2003 and was able to work at that time despite the headaches. (Tr. 135.) Furthermore, while the ALJ found that Plaintiff's testimony regarding her medically determinable impairments could reasonably be expected to produce the alleged symptoms, the ALJ determined that, in light of the preceding medical records, Plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms was not entirely credible. (Tr. 47.)

The ALJ concluded that Plaintiff had an RFC to lift and carry twenty pounds occasionally and ten pounds frequently, stand and walk two hours and sit six hours in an eight hour workday, only occasionally reach above the shoulder, and must have the option to change positions every thirty minutes. (Tr. 45.) This final decision reflects not only the RFCs of the non-examining

state physicians, but also the rest of Plaintiff's record, including updated treatment notes and Plaintiff's testimony. (Tr. 45-48.) Thus, in making the final RFC conclusion, the ALJ did not err in placing great weight on the RFCs of Dr. Millis and Dr. Fletcher, since she only relied on them to the extent that they were consistent with the record as a whole.

> 2. *Plaintiff objects to the ALJ's failure to consider the effect of the required use of traction.*

Plaintiff also alleges that the ALJ's failure to consider how the use of traction would affect Plaintiff's ability to compete in the job market. (Doc. No. 18, at 11.) As Dr. Schooley's records note, each traction use only takes ten minutes. (Tr. 233.) The record contains no evidence from either a medical source or the vocational expert suggesting that such use of traction would have any effect on Plaintiff's ability to be employed in a competitive job market. Since it is the Plaintiff's burden to prove the alleged RFC, 20 C.F.R. § 404.1545(a)(3); *Her*, 203 F.3d at 391, Plaintiff's failure to provide any evidence of such an effect cannot then be used to attribute error to the ALJ for failure to consider such effects.

Thus, it is clear that substantial evidence exists to support the ALJ's RFC conclusion. Because the Secretary's findings of fact are reviewed only to determine whether or not they are supported by substantial evidence, the ALJ's finding on this matter must be upheld.

**B. Plaintiff objects that the credibility of her statements was not properly evaluated and assessed as required by Social Security Ruling 96-7p.**

Plaintiff objects that the ALJ did not properly evaluate the credibility of her subjective symptoms by failing to state whether she found claimant's testimony credible or what amount of weight assigned to claimant's testimony. (Doc. No. 18, at 11-12.) Plaintiff specifically objects to the following statement by the ALJ:

"After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."

(Tr. 47.) Plaintiff contends that this statement is "conclusory", and that the ALJ merely recited "the factors that are described in the regulations for evaluating symptoms." (Doc. No. 18, at 12 (quoting S.S.R. 96-7p (July 2, 1996)).)

Regarding the adequacy of an ALJ's assessment, S.S.R. 96-7p provides:

It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

S.S.R. 96-7p (July 2, 1996).

When assessing the credibility of an individual's statements, the ALJ must consider not only objective medical evidence, but also:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions to pain or other symptoms.

S.S.R. 96-7p (July 2, 1996).

An ALJ's finding on the claimant's credibility is to be accorded great weight and deference, since an ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). However, this determination of credibility must be supported by substantial evidence. *Id.* If she finds contradictions among medical reports, claimant's testimony, and other evidence, an ALJ may discount a claimant's credibility to a certain degree. *Id.*

The ALJ neither made a lone conclusory statement nor relied on a mere recitation of factors in support of her conclusion regarding Plaintiff's credibility. To explain her credibility conclusion, the ALJ discussed the supporting objective medical, including Dr. Schooley's assessment of Plaintiff's degenerative disc disease as "not very severe" and Plaintiff's normal EMG showing no root impingement. (Tr. 47.) The ALJ examined other factors requiring consideration by S.S.R. 96-7p. First, she noted that Plaintiff reported to Dr. Leone that she did not experience any side effects from her medication and that her medication enabled her to perform household chores. (Tr. 48.) She also observed that Plaintiff was able to vacuum once a week and refrained from taking pain medication during the day in order to be able to help her children with homework in the evening. (Tr. 47.) The ALJ discussed Plaintiff's choice to refrain from undergoing further surgery. (*Id.*) Although Plaintiff states otherwise, the ALJ also described what weight she placed on particular evidence—she gave great weight to the non-examining state physicians' RFCs and credited claimant's testimony to the extent that it was consistent with the medical record. (Tr. 48.)

It is clear that the ALJ complied with S.S.R. 96-7p by supporting her conclusions regarding Plaintiff's credibility with an examination of relevant medical evidence and required

-11-

factors. Furthermore, based on that examination, the ALJ had substantial evidence to conclude that the Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely credible. The reviewing court must defer to the ALJ's determination of Plaintiff's credibility if there is substantial evidence supporting the ALJ's conclusion. *Walters*, 127 F.3d at 531. Accordingly, the ALJ's finding on this matter must be upheld.

**IV. CONCLUSION**

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A). Therefore, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** Magistrate Judge Brown's Report in its entirety.

This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the \_\_\_\_\_28th_____ day of June, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT